IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE DENISE RANDOLPH | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. JFM-15-1137 |
| | * | |
| U.S. ATTORNEY OF MARYLAND | * | |
| ROD ROSENSTEIN, *et al.* | | |
| UNKNOWN DEFENDANTS | * | |
| Defendants. | | |

*****

MEMORANDUM

Catherine Denise Randolph ("Randolph"), a resident of 4232 Shamrock Avenue in Baltimore, Maryland, filed this self-represented action on April 21, 2015, naming her unknown next-door neighbors and Rod Rosenstein, the current United States Attorney for the District of Maryland, as defendants. She bases her case on federal question jurisdiction and asks that "real parties at 4234 Shamrock Avenue be prosecuted for "prohibited wiretap, eavesdropping [and] recording devices."

In her statement of facts she states:

"I am Catherine Denise Randolph making a statement of claim for the court to redress my constitutional rights – 1st, 4th, 5th, 7th, 8th, and 9th Amendment for good cause. I need my dignity, privacy and respect restored from social media thieves (identity theft). I am deprived of my life 9 (loss time [and] loss wages) years ongoing intentional disclosure with public court record -- Circuit Court for Baltimore City both criminal cases #506069025 & 506069026. No convictions pending untimely 6 years. Also currently, 1 am being misappropriated of character by my unknown neighbors['] unlawful possession of government devices 24/7 intentional disclosure at their home office address: 4234 Shamrock Avenue, Baltimore, Maryland 21206. Please grant my relief good cause: recovery of civil damages – intentional disclosure 9 years dignity, harm, punitive damages, statutory damages, injunction relief and declaratory relief to help restore my constitutional rights. Jury demand $3 billion dollars."

ECF No. 1 at pg. 2.[1]    Randolph seeks a hearing, relief to "uphold Federal Rule 65," a preliminary injunction with restraining orders, and 3 Billion dollars in damages. ECF No. 1 at pg. 3 & civil cover sheet.

Randolph has moved to proceed in forma pauperis. ECF No. 2. In addition, on April 23, 2015, she filed a motion to amend. ECF No. 3. Because she appears indigent, her motion to proceed without the prepayment of the civil filing fee shall be granted. Randolph's complaint shall, however, be summarily dismissed and her motion to amend shall be denied as moot.

Pursuant to 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).[2]

A complaint is frivolous if it is without "an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case plaintiff is self-represented. When reviewing a

---

[1]    Randolph cites to Fed. R. Civ. Proc. 15, 17 and 65and makes a conclusory reference to 18 U.S.C. §§ § 2513, 2520, & 3771. ECF No. 1 at pg. 2. Further, her complaint was accompanied by a questionnaire and photocopies of various federal rules. *Id.* at attachment.

[2]    Title 28 U.S.C. Section 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

> (B) the action or appeal—
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

2

self-represented complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers..." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a self-represented plaintiff's pleadings are to be liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). It is axiomatic that "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him ...." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). In addition, Supreme Court precedent leaves no doubt that the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). Although the plausibility standard is not akin to a "probability requirement," it asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, when a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* This "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.' " *See Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557).

Sections 2513 and 2520 of Title 18 of the U.S. Code are criminal statutes and do not provide a basis to impose civil liability. *Flowers v. Tandy Corp.*, 773 F.2d 585, 588-89 (4th Cir. 1985). Moreover, to the extent that Randolph asserts she is a crime victim, this court has no authority to initiate criminal charges. The decision whether or not to prosecute, and for what offense, rests with the prosecution. *See, e.g., Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012). If Randolph seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities.

Moreover, Randolph has failed to set out any particular claims against the named defendant, the United States Attorney for the District of Maryland.    Further, the factual assertions and legal conclusions raised in the document regarding Randolph's unidentified next-door neighbors amount to rambling statements of blanket criminal and civil rights violations. The allegations are "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P 12(b)(1). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and must be dismissed.

Moreover, the court observes that since August 25, 2014, Randolph has filed eleven prior cases regarding alleged wiretapping and interception of communications by her neighbor at 4234

4

Shamrock Avenue.[3] The complaints were accompanied by various motions. They were all summarily dismissed and appeals ensued. Given the summary dismissal of the complaint, however, the court does not believe that the imposition of a filing injunction is necessary. Randolph is placed on notice, however, that if she attempts to file another frivolous complaint alleging that defendants are using devices to invade her privacy, such an action would constitute an abuse of the judicial process. District courts have "inherent power to control the judicial process and litigation" when necessary to address conduct that abuses the judicial process. *Silvestri v. General Motors Corp.,* 271 F.3d 583, 590 (4th Cir. 2001). This court has an obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation involving vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel. *See Safir v. United States Lines, Inc.,* 792 F.2d 19, 24 (2d Cir. 1986); *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004). Randolph is forewarned that filing similar actions will not be tolerated. She is placed on notice that if she persists in filing such complaints, the court may require that she show cause why leave of the court should not be sought before she submits such filings or why sanctions should not be imposed against her under Fed. R. Civ. P. 11.[4] A separate Order

---

[3]      *See Randolph v. State of Maryland,* Civil Action No. GLR-14-2713 (D. Md.); *Randolph v. New Technology,* Civil Action No. ELH-14-3068 (D. Md.); *Randolph v. Baltimore City States Attorney,* Civil Action No. WDQ-14-3176 (D. Md.); *Randolph v. U.S. Attorney General,* Civil Action No. GLR-14-3298 (D. Md.); *Randolph v. United States, et al.,* Civil Action No. JFM-14-3609 (D. Md.); *Randolph v. U.S. Attorney,* Civil Action No. CCB-15-9 (D. Md.); *Randolph v. Holder,* Civil Action No. JKB-15-314 (D. Md.); *Randolph v. Holder, et al.,* Civil Action No. JFM-15-552 (D. Md.); *Randolph v. U.S. Attorney General,* Civil Action No. CCB-15-785 (D. Md.); *Randolph v. U.S. Attorney General,* Civil Action No. ELH-15-916 (D. Md.); and *Randolph v. U.S. Attorney General,* Civil Action No. ELH-15-982 (D. Md.).

[4]      For example, the court may impose a pre-filing sanction such as that imposed in *McMahon v. F & M Bank-Winchester,* 45 F.3d 426 (4th Cir. 1994) (vexatious litigant barred from filing any civil action in any federal court without leave of court and requires litigant to certify in application for

5

shall be entered reflecting the rulings entered herein.

Date: April 7, 2015

J. Frederick Motz
United States District Judge

BY ————— DEPUTY

AT BALTIMORE
CLERK'S OFFICE

2015 APR 30 PM 1: 05

DISTRICT OF MARYLAND
U.S. DISTRICT COURT
FILED

leave to file that the claim to be raised has never been raised or disposed of on the merits by an state or federal court).

6